UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLYNN EDWARD McNABB, | ) | 1:08-CV-01024 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION WITH LEAVE TO FILE SECOND AMENDED PETITION |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK PETITION FOR WRIT OF HABEAS CORPUS |
| MICHAEL S. EVANS, | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On August 26, 2008, Petitioner filed a petition for writ of habeas corpus in this Court.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Federal Claim for Relief

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Also, Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
>    (1) *specify all the grounds for relief available to the petitioner;*
>    (2) *state the facts supporting each ground;*
>    (3) *state the relief requested;*
>    (4) be printed, typewritten, or legibly handwritten; and
>    (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

In his amended petition, Petitioner presents the following claim for relief:

> I had an anursum [sic] in the brain and have trouble thinking & go blank when am under pressure. I tried to tell the public defender this, and when he ignored me I asked for a different lawyer an [sic] was refused. I was told that a stree [sic] lawyer would represent me but was only gave [sic] out of public defender office. I feel like I never had proper representation and no one would listen to me or try to give me any answer to why I was being ignored. I wanted to withdraw plea, and was told no I could not do that.

See Petition at 6.

Petitioner fails to present a cognizable claim as he fails to state any specifics with respect to his claim of ineffective assistance of counsel. He states he had certain mental and physical problems, but he does not state how counsel's awareness of these issues caused him to be ineffective. He also states he desired to withdraw his plea but was told he could not do so. However, he fails to state whether he was so informed by the trial court or by counsel, and why the advice or ruling was improper and a violation of the Constitution or federal law.

The instant petition must be dismissed for the above-stated reasons. Petitioner will be given an opportunity to file a second amended petition to present a cognizable claim. Petitioner is advised that failure to file a petition in compliance with this order within the allotted time will result in a dismissed of the action. Petitioner is advised that the amended petition should be titled "Second Amended Petition" and must reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   September 16, 2008              /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE