UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GLYNN EDWARD McNABB, | ) | 1:08-CV-01024 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING SECOND AMENDED |
| | ) | PETITION |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND TERMINATE |
| MICHAEL S. EVANS, | ) | ACTION |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a consent/decline form indicating consent to the jurisdiction of the Magistrate Judge.

Petitioner is serving a sentence of 16 years in state prison for his 2006 convictions for possession of firearms sustained in Calaveras County Superior Court. On July 9, 2008, Petitioner filed a petition for writ of habeas corpus in this Court. Following a preliminary review of the petition, on July 24, 2008, the undersigned issued an order granting Petitioner leave to file a motion to amend the petition to name a proper respondent. On August 21, 2008, Petitioner filed a reply which was non-responsive; therefore, on August 26, 2008, the Court issued an order disregarding the reply and granting Petitioner a final opportunity to amend and name a proper respondent. On that

same date, Petitioner filed a first amended petition.

The Court conducted a review of the first amended petition and determined the petition was deficient. Specifically, Petitioner failed to present a cognizable federal claim. He did not state any specifics with respect to his claim of ineffective assistance of counsel. He further failed to allege why counsel's actions were improper and a violation of his constitutional rights. Therefore, on September 16, 2008, the Court issued an order dismissing the first amended petition and granting Petitioner an opportunity to file a second amended petition to state a cognizable federal claim for relief.

On October 21, 2008, Petitioner filed a second amended petition.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Federal Claim for Relief

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a

1  person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484

2  (1973).

3  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must

4  demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

8  28 U.S.C. § 2254(d)(1),(2).

9  Also, Petitioner must state his claim with sufficient specificity. <u>See</u> <u>Hendricks v. Vasquez</u>

10  908 F.2d at 491-92; <u>Wacht v. Cardwell</u>, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the

11  Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) *state the relief requested;*
> (4) *be printed, typewritten, or legibly handwritten; and*
> (5) *be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.*

16  Like his first amended petition, Petitioner fails to present a cognizable claim for relief. He

17  again claims he was dissatisfied with his counsel's performance. He states counsel informed him his

18  best option would be to enter a plea bargain in which he would receive a sentence of 16 years in

19  exchange for pleading guilty to the gun charges. He states counsel advised him that he faced a

20  potential prison term of 76 years if found guilty by a jury. Counsel also informed him that the

21  evidence was such that there was a very strong likelihood he would be found guilty. Thus, Petitioner

22  accepted the plea bargain and was sentenced accordingly.

23  Petitioner now claims his counsel was ineffective. Ineffective assistance of counsel is based

24  on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a

25  fair trial." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 368 (1993), *quoting* <u>Strickland v. Washington</u>, 466

26  U.S. 668, 684 (1984). A claim for ineffective assistance must meet the two-part test advanced by the

27  <u>Strickland</u> court. First, petitioner must show that counsel "made errors so serious that counsel was

28  not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second,

[petitioner] must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.  This two-part standard also applies to challenges to guilty pleas based in ineffective assistance of counsel.  In the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

With respect to the instant petition, like his previously dismissed petition, Petitioner fails to demonstrate either prong of Strickland. First, he fails to show how counsel did not provide reasonable and competent advice. He claims counsel gave him two options: 1) Enter a plea bargain and receive a sentence of 16 years; or 2) Go to trial where, in all likelihood, Petitioner would be found guilty of all charges and face a potential sentence of 76 years. Petitioner fails to state how this was anything but sound and competent advice. Petitioner also claims the trial court had dismissed all of his witnesses and Petitioner therefore had no one to testify for him. Again, he fails to state how counsel was ineffective in this circumstance.

In addition, Petitioner has failed to demonstrate any prejudice. Petitioner concedes in his petition that he "was guilty on gun charges." See Petition at 5. He entered into a plea bargain where he admitted his guilt to these charges. He was then sentenced to 16 years based on this conviction. Petitioner has completely failed to demonstrate how the outcome would have been any different had counsel been effective. For these reasons, the petition must be dismissed.

C.  Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the

validity of such person's detention pending removal proceedings.

  (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

   (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Miller-El</u>, 123 S.Ct. at 1034; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the action; and

3) The Court DECLINES to issue a certificate of appealability.


 IT IS SO ORDERED.

1     **Dated:**   October 30, 2008           /s/ **Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE